# Federal Defenders

## OF NEW YORK, INC.

Appeals Bureau
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8742 Fax: (212) 571-0392

**MEMO ENDORSED**

Tamara Giwa
*Executive Director*

Daniel Habib
*Attorney-in-Charge*

May 5, 2025

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/25**

**BY ECF**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
New York, New York 10007

> **Re:    *United States v. Stephen Simmons,*
> 22 Cr. 399 (VEC)**

Dear Judge Caproni:

I write to request that the Court reduce Stephen Simmons's criminal history category and correct his presentence investigation report as a result of retroactive changes to the Sentencing Guidelines. Under Amendment 821 to the Guidelines, made retroactive by the Sentencing Commission, Mr. Simmons's criminal history category should be lower.

In 2023, following trial, Mr. Simmons was convicted of possession of ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). On July 11, 2023, this Court sentenced him to 10 years in prison and three years of supervised release. As relevant here, at sentencing, the Probation Department opined that Mr. Simmons had a criminal history score of 10, establishing a criminal history category of V. *See* Final Presentence Investigation Report (PSR) ¶¶ 54-56. To reach this number, Probation added two points under the prior version of U.S.S.G. § 4A1.1, because the federal offense occurred while Mr. Simmons was subject to a criminal justice sentence. *See* PSR ¶ 55.

1

After Mr. Simmons's sentencing, the applicable Guidelines changed. Amendment 821 to the Guidelines went into effect on November 1, 2023. This amendment made "targeted" changes to reduce the impact of providing additional criminal history points under U.S.S.G. § 4A1.1 for offenders who commit a federal crime "while under any criminal justice sentence" (so-called "status" points). Under the new Guidelines, defendants receive only up to one "status" point (and only if they already have seven or more criminal history points). *See* U.S.S.G. § 4A1.1(e) (Nov. 2023).

The Sentencing Commission opted to make these changes retroactive. Per the Commission, "The purpose of these targeted amendments is to balance the Commission's mission of implementing data-driven sentencing policies with its duty to craft penalties that reflect the statutory purposes of sentencing and to reflect 'advancement in knowledge of human behavior as it relates to the criminal justice process.' *See* 28 U.S.C. § 991(b). The Commission determined that the policy reasons underlying the prospective application of the amendment apply with equal force to individuals who are already sentenced." *See* United States Sentencing Commission, *Retroactive Application of Parts A and B, Subpart 1 of Amendment 821.*

Under the new, retroactively amended Guidelines, Mr. Simmons should have only 9 criminal history points and should be in category IV. This change does not reduce his advisory Sentencing Guidelines range. However, Mr. Simmons's criminal history category may impact the conditions of his confinement or other aspects of his incarceration, and so it is important to him that his presentence report is accurate.

Accordingly, Mr. Simmons moves to have his presentence report corrected and for the issuance of an updated presentence report that accurately lists his number of criminal history points as 9, and his criminal history category as IV. *See* PSR ¶¶ 55, 56, 118; *id.* pages 25, 27.

Thank you for your consideration of this request.

Respectfully submitted,

/s/ Sarah Baumgartel
Sarah Baumgartel, Esq.
Assistant Federal Defender
(212) 417-8772

cc:    Government Counsel (by ECF)

Probation undertook an analysis of Mr. Simmon's case and produced a revised Presentence Investigation Report ("PSR") at docket entry 84.  Although Mr. Simmons is eligible for the status point recalculation, he is precluded from a sentence reduction, as the sentencing guidelines do not change as a result of the guideline amendments. To the extent that Mr. Simmons seeks a sentence reduction, the motion is DENIED. The revised PSR reflects the change in criminal history category, downgrading Mr. Simmons from a category of V to IV.

SO ORDERED.        5/28/25

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE